[No. D023051. Fourth Dist., Div. One. Sept. 25, 1996.]

Conservatorship of the Person of MARK RAND.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
MARK RAND, Objector and Appellant;
PETER SINGER, Real Party in Interest and Respondent.

## COUNSEL

Paul Bell, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, Bruce D. MacLeish and Janice L. Ingold, Deputy County Counsel, for Petitioner and Respondent.

## OPINION

**NARES, J.**—Mark Rand appeals from an order awarding attorney fees and costs in the amount of $779.50 to his court-appointed counsel, Peter Singer. Rand asserts the trial court erred in (1) improperly conducting the hearing to determine his present ability to pay attorney fees; (2) failing to give him proper notice of this hearing; (3) reaching a determination not supported by substantial evidence; and (4) using an improper legal standard to calculate the amount of fees owed. We affirm.

### FACTS AND PROCEDURE

Mark Rand has a 12-year history of mental illness, which was first diagnosed while he was in the Army. He was discharged from the Army in 1984 because of his mental illness, and rated at 100 percent service-connected disabled. In June 1994, Rand voluntarily arrived at the La Jolla

Veterans Administration Hospital. He was diagnosed as suffering from chronic paranoid schizophrenia.

Thereafter, a counselor in San Diego County mental health filed an ex parte petition for appointment of a temporary conservator and conservatorship of the person, under Welfare and Institutions Code section 5354. The court sent Rand a form titled Citation for Conservatorship, giving him notice of the scheduled conservatorship hearing.

The purpose of the conservatorship hearing was to determine whether Rand was "gravely disabled" as described in Welfare and Institutions Code section 5354. At the hearing Rand was represented by Peter Singer, a private attorney appointed by the superior court.

At the conclusion of the conservatorship hearing the court considered whether Rand had the present ability to pay attorney fees. The conservatorship investigation report completed by the office of the counselor in mental health stated Rand receives $2,100 monthly disability payments from the Veterans Administration, and has the ability to pay attorney fees related to the conservatorship.

Also, Rand testified at the hearing he could pay attorney fees because he had $6,000 in a bank account. The trial court found that "based upon the testimony . . . [Rand] does, in fact, have presently $6,000" and "based upon the documentary evidence, he approximately receives $2,100 a month in V.A. disability benefits." The judge denied Singer's request for attorney fees (without prejudice) however, because of failure to present any documentation supporting fees.

Singer later filed a petition for order for payment of attorney fees and reimbursement of expenses, pursuant to San Diego County Superior Court Local Rules (div. IV) (probate and Lanterman-Petris-Short), rules 2.113, 2.114, 2.115, 2.116, and 2.117.[1] The petition requested payment for a total fee of $937.50 (eight and one-half hours at a rate of $125 per hour).

The trial court set a hearing for consideration of the fee request. At the hearing the court found (1) all procedural requirements including proper notice had been met; (2) Rand had sufficient assets to pay the attorney fees; and (3) the reasonable payment for attorney fees was $765 (eight and

---

[1]These rules have since been amended and were also renumbered as rules 2.4.14, 2.4.15, 2.4.16, 2.4.18, and 2.4.19. Subsequent rule references will be to the San Diego County Superior Court Local Rules.

one-half hours at a rate of $90 per hour). The court granted Singer's petition for payment of attorney fees of $765.[2]

## DISCUSSION

Rand argues the trial court erred in finding he had received proper notice, because the notice he received did not conform as it should have with the requirements of Penal Code[3] section 987.8, subdivision (f)(2). Rand also argues it was an abuse of discretion to find he had the present "ability to pay" for legal services because of a failure to consider all of the four factors which are set out in section 987.8, subdivision (g)(2), subsections (A) through (D), and the determination Rand had a present "ability to pay" was also not supported by substantial evidence. Rand last argues the trial court used an improper legal standard to calculate the amount owed for attorney fees.[4]

Rand's first point is correct, but he has failed herein to establish how he was prejudiced by this error, and we may not reverse a determination of the trial court absent a showing of prejudice. As we reject the other arguments offered by Rand, we affirm the order below. We discuss the points advanced in turn.

## I. NOTICE

■   Rand contends he received inadequate notice, as the notice given did not conform to the requirements of section 987.8, subdivision (f), which provides: "Prior to the furnishing of counsel or legal assistance by the court, the court shall give notice to the defendant that the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. The court shall also give notice that, if the court determines that the defendant has the present ability to pay, the court shall order him or her to pay all or a part of the cost. The notice shall inform the defendant that the order shall have the same force and effect as a judgment in a civil action and shall be subject to enforcement against the

---

[2]The court also granted $14.50 in expenses.

[3]Subsequent statutory references are to the Penal Code unless otherwise specified.

[4]Government Code section 27712 authorizes reimbursement of private counsel appointed by the court. That section requires a hearing to be conducted according to the provisions of Penal Code section 987.8, with an exception not applicable in this case. (*Conservatorship of Berry* (1989) 210 Cal.App.3d 706, 724-725 [258 Cal.Rptr. 655].)

property of the defendant in the same manner as any other money judgment."[5]

The only notice Rand received was contained in the citation for conservatorship served on him. The form notified Rand of the hearing date on which he was to appear in court for a determination of whether he should or "should not be found to be gravely disabled," and paragraph 6 included the following notice: "The Court will appoint an attorney to represent you. *You must pay this attorney if you are able to do so.* However, you have the right to hire an attorney of your choice. You should consult with your attorney about how these proceedings will affect you." (Italics added.)

Rand argues this notice is inadequate because (1) it failed to advise him that he was entitled to a hearing to determine his present ability to pay attorney fees, and (2) it failed to advise him that if the court ordered him to pay for counsel's services, the order would be enforceable against him as a civil judgment.

The notice provision on the form Rand received from the San Diego County Superior Court clearly does not conform with the requirements of section 987.8, subdivision (f). An explanation for this noncompliance is in rule 2.4.18 (Procedural Requirements),[6] which only requires the conservatee, the conservatee's personal agent, or the conservator of the estate to be "notified in writing of the possibility that fees and costs may be ordered to be paid by the conservatee."

Rule 2.4.18 fails to comply with section 987.8, subdivision (f), because the rule (1) does not inform the person receiving it of the entitlement to a hearing to determine the present ability to pay attorney fees, and (2) does not state that the potential resulting court order will have the force and effect of a civil judgment. The San Diego County Superior Court must amend rule 2.4.18 and the citation for conservatorship form to comply with the requirements of section 987.8, subdivision (f).

In this case, Rand was not prejudiced by the notice he received, however statutorily inadequate. Rand was in fact given a separate hearing to determine his ability to pay attorney fees and he was represented at this hearing.

---

[5]In 1974, the Legislature amended section 987.8 to include a notice provision. (Stats. 1974, ch. 1199, § 1, p. 2589.) The Legislature's intention was to "codify the requirements of due process of law . . . applicable to the proceedings to which this act applies." (*Ibid.*) The current version of section 987.8, subdivision (f), is essentially the same as the 1974 amendment.

[6]At relevant times, rule 2.116 was in effect. In 1995, rule 2.116 was renumbered as the present rule 2.4.18, without substantial change. (See fn. 1, *ante*, & the accompanying text.)

Also, counsel there did not object to the court's determination of Rand's ability to pay attorney fees on grounds of lack of notice or the lack of an opportunity to present evidence.[7] In these circumstances we find the inadequate notice did not result in prejudice to Rand herein.

## II. ABUSE OF DISCRETION

The hearing contemplated by section 987.8, subdivision (g)(2)(A)-(D), requires the court to consider four factors related to the conservatee's present ability to pay attorney fees. Rand argues the court abused its discretion by not reciting evidence relevant to three of the four enumerated factors.[8] We do not agree.

A fundamental rule of appellate review is that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193], quoting 3 Witkin, Cal. Procedures (1954) Appeal, § 79, pp. 2238-2239.) The record must firmly establish an abuse of discretion. (*Esgro Central, Inc.* v. *General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1064 [98 Cal.Rptr. 153].) "The burden is on the party complaining to establish an abuse of discretion." (*Denham* v. *Superior Court, supra*, 2 Cal.3d at p. 566.)

Rand has the burden to prove the trial court failed to consider the four factors enumerated in section 987.8. The record is silent on this point. Rand asks us to *assume* the trial court only considered one of the four factors because the trial court did not specifically address all of the factors during the hearing. Where the record is silent, we will not speculate as to whether the trial court erred. The order of the trial court is presumed to be correct. Rand has not met his burden because he has failed to produce evidence demonstrating the trial court failed to consider all four factors. We will not disturb the determination that Rand is able to pay attorney fees.

[7]At the hearing to determine attorney fees, the deputy county counsel appearing for the public conservator stated that Rand had said he "was not initially informed that Mr. Singer would be charging and the amount of the charges and the likely total." The italicized portion of paragraph 6 of the citation for conservatorship did, however, inform Rand he must pay his appointed attorney if able to do so. While the failure to object below on the grounds now urged could be found "to be a waiver of the right to make the argument on appeal" (*People* v. *Whisenand* (1995) 37 Cal.App.4th 1383, 1395 [44 Cal.Rptr.2d 501]), because the question is likely to recur, we reach the merits of these arguments.

[8]Rand argues the court abused its discretion by not inquiring as to (1) his future financial position, (2) the likelihood he will be able to obtain employment within six months, and (3) any other factors affecting his financial position.

### III. SUFFICIENCY OF THE EVIDENCE

■ Rand further argues the court's determination of his present ability to pay attorney fees was not supported by sufficient evidence. Again, we do not agree.

"[W]here the [trial court's] findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; . . . we have no power to judge . . . the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom." (*Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370 [210 P.2d 757].)

On this record, the trial court based its finding of Rand's present ability to pay attorney fees on the conservatorship investigation report, which stated Rand receives $2,100 a month from the Veterans Administration, and Rand's testimony that he had $6,000 in the bank.

Counsel for Rand argues his oral testimony concerning the $6,000 is not substantial evidence because of Rand's impaired mental condition. The argument is misplaced, because we defer to the trial court on issues of witness credibility. Also, it is undisputed that Rand receives $2,100 a month in disability benefits, and this alone is substantial evidence to support the trial court's finding of a present ability to pay.

Finally, we note the attorney fees constitute only about one-third of Rand's monthly income. (Cf. *Conservatorship of Berry*, *supra*, 210 Cal.App.3d at pp. 729-730, in which the conservatee was ordered to pay fees of $519.20 from an estate of $761.28 and monthly income of only $671.)

In the circumstances of this case, the finding Rand had the present ability to pay his appointed attorney's fees is supported by substantial evidence, and we reject the contrary assertion.[9]

### IV. ATTORNEY FEES

Rand last contends the trial court used an improper legal standard to calculate the amount Rand owes in attorney fees. Not so.

In *Conservatorship of Berry*, *supra*, 210 Cal.App.3d 706, the court was presented with the issue of what constitutes a proper award of attorney fees

---

[9]It was also within the court's discretion, of course, to permit Rand to pay the ordered fees in monthly installments, had that been requested. (Gov. Code, § 27712.)

to a *public defender* who is working for Riverside County. (*Id.* at pp. 726-727.) The *Berry* court held that pursuant to Government Code section 27712, the trial court could not order payment of attorney fees in an amount greater than the actual cost to the county of the services. (210 Cal.App.3d at p. 727.) The *Berry* holding assumes that a contractual relationship exists between the attorney and the county.

The facts here differ markedly from those in *Berry.* The *Berry* rationale is inapplicable here because Singer was a court-appointed counsel who did *not* have a contractual relationship with San Diego County. Singer may not charge San Diego County for his services under any circumstance. If Rand does not pay, Singer will be, as he stated in a letter to this court, "left with a collection entanglement against his own client." Given this factual difference, *Berry* does not control the resolution of this matter.

Rule 2.113 (now rule 2.4.14) stated the appropriate legal standard for calculating fees for court-appointed counsel representing clients who have sufficient funds to pay fees. The rule gives the trial court discretion to determine "which attorney services are to be compensated."

The superior court later clarified the meaning of rule 2.113 in a 1995 amendment: "[W]here counsel has been appointed to represent the patient, but where the patient has sufficient funds to pay attorney fees, the determination of which attorney services are to be compensated and the amount of compensation shall be made by the court upon a timely request by counsel." (Current rule 2.4.14.)

Singer made an adequate showing of the actual cost of the legal services he provided, and this was an adequate evidentiary basis on which to grant the fees requested.[10] We affirm the trial court award of attorney fees.

SUMMARY

Clearly, both the San Diego County Superior Court Local Rules and the notice provisions on the conservatorship forms used by the county fail to comply with explicit statutory requirements enacted by the Legislature to codify the requirements of due process of law. On the facts of this case, however, Rand has failed to demonstrate how he was prejudiced by this deficient notice, and as his other arguments are without merit, we thus affirm the order entered below, notwithstanding these procedural defects.

---

[10]The trial court even reduced the hourly rate to $90 per hour, $35 per hour less than Singer had requested.

## Disposition

The order is affirmed. All parties to bear their own costs on appeal.

Kremer, P. J., and Benke, J., concurred.

A petition for a rehearing was denied September 25, 1996.