Filed 3/28/14  P. v. Schnebly CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARONE SCHNEBLY,<br><br>        Defendant and Appellant. | A136943<br><br>(Mendocino County<br>Super. Ct. No. CR11-18566) |

In exchange for a 15-year prison sentence, Arone Schnebly pleaded no contest to voluntary manslaughter while armed with a shotgun, attempted murder, and attempted robbery.  His appeal contests his obligations to pay attorney fees of $1,000, a presentence report fee of $652, and a restitution fine of $3,600.  He did not challenge the fees or fine in the trial court, and we conclude that he thereby forfeited his ability to do so in this appeal.  He also has not shown that his counsel was ineffective for failing to object.  We affirm.

## I.  BACKGROUND

When counsel was appointed to represent him, Schnebly was not advised that he could potentially be liable for attorney fees.  The presentence report recommended imposition of a $652 presentence report fee and a $3,600 restitution fine, but did not refer to attorney fees.

The report stated that Schnebly earned a GED in 1992.  He worked as a construction laborer from 2009 to 2011, and "off and on" as a security guard from 2001 to 2011.  Next to "Current Income" and "Assets," the report stated, "None."  Schnebly

1

divorced in 2011, the year the crimes were committed. In a letter to the court attached to the report, Schnebly said, "I had a family wife kids whom I supported but have since los[t] because of this case."

At sentencing, defense counsel stated that he had discussed the presentence report with Schnebly. Counsel did not object when the court imposed the $652 presentence report fee and the $3,600 restitution fine as recommended in the report. The court told Schnebly: "I'm going to impose an attorney's fee of $1,000. You have the right to contest that attorney's fee before it becomes an order of the court. You'll be served with a piece of paper today that shows your rights in that regard. If you do not timely contest that, it becomes a court order. [¶] Do you understand that with respect to the attorney's fee?" Schnebly answered, "Yeah. I won't contest that." The court said, "Okay," and moved on to other matters.

## II. DISCUSSION

### A. Attorney Fees

Schnebly argues that he was ordered to pay attorney fees without being afforded due process.

" '[P]roceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing.' " (*People v. Smith* (2000) 81 Cal.App.4th 630, 637.) Penal Code section 987.8, subdivision (f) requires that defendants be advised about their possible liability for the fees of attorneys who will be appointed to represent them.[1] The statute ensures, consistent with due process, that "the defendant receive[s] ' "notice reasonably

---

[1]The statute states: "Prior to the furnishing of counsel or legal assistance by the court, the court shall give notice to the defendant that the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. The court shall also give notice that, if the court determines that the defendant has the present ability, the court shall order him or her to pay all or a part of the cost. The notice shall inform the defendant that the order shall have the same force and effect as a judgment in a civil action and shall be subject to enforcement against the property of the defendant in the same manner as any other money judgment."

Subsequent statutory references are to the Penal Code.

calculated, under all the circumstances" ' to apprise him of the potential of his liability for the costs of legal representation and of the possible effects of an order to pay such costs." (*People v. Smith*, *supra*, 81 Cal.App.4th at p. 637.)

Although Schnebly was not given advance notice of his possible fee liability, any deprivation of due process was rectified at the sentencing hearing when the court advised Schnebly that he could contest the attorney fee order before it was imposed.

Schnebly's argument also fails because the record does not establish that he was ordered at sentencing to pay the attorney fees. Rather, the court said that payment of fees would "*become*[] a court order" if it was not timely contested. (Italics added.) Schnebly complains about "the court's springing the matter on [him] at the last minute," when he had no "opportunity to consult with his attorney as to the grounds on which he could oppose such an order, such as lack of notice and lack of ability to pay . . . ." But this argument assumes that an attorney fee order was a fait accompli when Schnebly told the court he would not contest it, and that is not how we read the transcript. The court did not make a fee order after Schnebly's statement. It left the matter open, leaving Schnebly free to change his mind, with or without the advice of counsel, and object to the fees. There is no indication that he ever did.

Accordingly, there was no error involving attorney fees.

B. Presentence Report Fee

Schnebly contends that the order for payment of the presentence report fee must be reversed because the court did not follow statutory procedures before imposing it. Section 1203.1b, subdivision (a) requires that the probation officer or an authorized representative determine the defendant's ability to pay, and that the defendant be advised of the right to a court hearing to dispute that determination. However, we agree with the decision in *People v. Snow* (2013) 219 Cal.App.4th 1148, 1151, that a defendant forfeits an appellate challenge to this fee by failing to first challenge it in the trial court. Here, as in *Snow*, Schnebly "had adequate notice that the cost[] of the report . . . would be imposed but objected to [it] neither in writing or orally and never requested a hearing." (*Ibid.*)

3

In reaching its conclusion, the *Snow* court persuasively relied on *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*). *McCullough* held that "a defendant who fails to contest [a jail] booking fee when the court imposes it forfeits the right to challenge it on appeal." (*Id.* at p. 591.) *McCullough* concluded that a "defendant's ability to pay the booking fee . . . does not present a question of law," and "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597.)

This reasoning disposes of Schnebly's contention that the report fee must be vacated because there was no substantial evidence that he could pay it. However, Schnebly maintains that he is also raising a legal, not factual, issue in arguing that he was erroneously denied "the procedural protections specified by section 1203.1b." We reject this argument under the reasoning of *McCullough*: "Defendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.' [Citation.] By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' [Citations.]" (*McCullough*, *supra*, 56 Cal.4th at p. 597.) Schnebly's procedural objection is that his ability to pay was never determined as required by the statute, but the failure to make such "factual determinations" in connection with a fee cannot be raised for the first time on appeal. (*Ibid.*)

Schnebly further argues that, if his challenge to the report fee was forfeited, then his counsel was ineffective for failing to preserve it by objecting in the trial court. " 'To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation . . . ." ' " (*People v. Hart* (1999) 20 Cal.4th 546, 623–624.) Counsel stated that he and Schnebly discussed the presentence report, which recommended that the fee be imposed. Schnebly told the court that he did not intend to contest the attorney fee order, and the thrust of his letter to the court was that he wanted to take full responsibility

4

for his actions.  Thus, Schnebly could well have instructed counsel not to contest the fee, and nothing in the record suggests otherwise.  Since there could have been a satisfactory explanation for counsel's omission, the ineffective assistance claim must be rejected.

C.  <u>Restitution Fine</u>

Schnebly contends that when the court ordered him to pay the $3,600 restitution fine it erroneously failed to consider whether he could afford to pay more than the $240 minimum for such fines.  (§ 1202.4, subd. (d).)  Schnebly also forfeited this challenge by failing to object at his sentencing.  (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409.)  His related ineffective assistance of counsel and substantial evidence arguments lack merit for the reasons we have stated with respect to the presentence report fee.

## III.  DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Jenkins, J.

5