Filed 2/18/21  P. v. Martinez CA2/4
(unmodified opinion attached)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301489 |
| | (Los Angeles County |
| Plaintiff and Appellant, | Super. Ct. No. BA468983) |
| | |
| v. | |
| | ORDER MODIFYING |
| | OPINION AND DENYING |
| BLAS ASAEL MARTINEZ, | PETITION FOR |
| | REHEARING |
| Defendant and Respondent. | |
| | NO CHANGE IN |
| | JUDGMENT |

THE COURT*:

The opinion filed January 22, 2021, in the above-entitled matter is ordered MODIFIED as follows:

1.  On page 11 of the opinion, a new section is added to the Discussion. That new section is to read as follows:

"**III. Assembly Bill No. 1950**

Martinez's case was submitted on November 12, 2020. On January 22, 2021, this court filed its opinion remanding the case to the trial court for a hearing to determine Martinez's ability to pay attorneys' fees. In all other respects, the judgment was affirmed. On January 26, 2021, Martinez filed a petition for rehearing, arguing Assembly Bill No. 1950 (2019-2020 Reg. Sess.) should apply to him. Assembly Bill No. 1950, signed by the Governor on September 30, 2020, and effective on January 1,

2021 (Stats. 2020, ch. 328, § 2), reduces felony probation terms to two years, with certain exceptions, by modifying Penal Code section 1203.1. Effective January 1, 2021, Penal Code section 1203.1, subdivision (a) reads: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine . . . ." We directed the Attorney General to file an answer to Martinez's petition for rehearing. In its answer, the Attorney General does not contest Martinez's argument that he is entitled to relief. The parties cite several recent Court of Appeal decisions in support of the argument that Assembly Bill No. 1950 applies to Martinez's case, which is not yet final. (See, e.g., *People v. Quinn* (2021) 59 Cal.App.5th 874; *People v. Sims* (2021) 59 Cal.App.5th 943.) On remand, the trial court is directed to determine whether Martinez is entitled to relief under Assembly Bill No. 1950."

2. The first sentence of the Disposition ("The case is remanded for a hearing to determine Martinez's ability to pay attorneys' fees.") is deleted in its entirety and replaced with "The case is remanded for a hearing to determine Martinez's ability to pay attorneys' fees and whether he is eligible for relief under Assembly Bill No. 1950."

These modifications do not change the judgment.

The petition for rehearing is DENIED.

_____

WILLHITE, Acting P.J.     COLLINS, J.     CURREY, J.

2

Filed 1/22/21  P. v. Martinez CA2/4 (unmodified opinion)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BLAS ASAEL MARTINEZ,<br><br>    Defendant and Appellant. | B301489<br><br>Los Angeles County<br>Super. Ct. No. BA468983 |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Abzug, Judge. Affirmed in part, remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant and appellant Blas Martinez of attempting to meet a minor for lewd purposes, and the trial court placed him on formal probation. On appeal, he raises two arguments: (1) his conviction must be reversed because it is unsupported by substantial evidence; and (2) the trial court erred by imposing attorneys' fees without holding an ability to pay hearing. We affirm the conviction, but remand the case so the trial court can hold a hearing on Martinez's ability to pay attorneys' fees.

# PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging Martinez with meeting a minor for lewd purposes. (Pen. Code,[1] § 288.4, subd. (b).) A jury acquitted Martinez of the charged offense, but convicted him of felony attempting to meet a minor for lewd purposes. (§§ 664, 288.4, subd. (b).)[2] The trial court suspended imposition of sentence and placed Martinez on formal probation for five years, with the condition that he serve 16 days in county jail. Martinez timely appealed.

---

1    All undesignated statutory references are to the Penal Code.

2    Section 1159 provides: "The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

# FACTUAL BACKGROUND

Los Angeles County Sheriff's Deputy Hiraudi Lopez-Romero worked with the Human Trafficking Bureau as an undercover decoy in human trafficking, pandering, and prostitution investigations. In 2018, Deputy Lopez-Romero created a profile for "Katie" on the social media website Meetme.com. "Katie" was presented as an 18-year-old Hispanic female.

On June 14, 2018, Deputy Lopez-Romero received messages from Martinez responding to Katie's profile. The first message stated: "Hi Katie!!!" Deputy Lopez-Romero replied, "Hey." Martinez responded, "Let$ play babe!" According to Deputy Lopez-Romero, the use of the "$" sign indicated an intent to exchange money for sex. Deputy Lopez-Romero asked for Martinez's phone number, which she used to send him text messages.

Deputy Lopez-Romero asked Martinez if he wanted to play using three "$" signs. Martinez responded, "Yes, I do babe." Deputy Lopez-Romero asked what Martinez was interested in, and Martinez replied, "a truly pornstar experience." Deputy Lopez-Romero asked Martinez if he wanted "sex & BJ," meaning sexual intercourse and oral copulation. Martinez replied, "Yes." Deputy Lopez-Romero texted, "$120 with condom." Martinez asked "Katie" if she could "host," which was a way of asking if she had a hotel room for the sexual encounter. Deputy Lopez-Romero responded, "Monterey Park . . . we can get a hotel by me for cheap but u [sic] have to get it because im [sic] 16."

On June 15, 2018, Martinez texted, "are u [sic] free?" Martinez later texted, "Let$ play babe[.]" Deputy Lopez-Romero

did not reply. On June 17, 2018, Martinez again texted, "Let$ play babe[.]" Deputy Lopez-Romero did not reply.

The following day, June 18, 2018, Martinez again texted "Let$ play babe[.]" Deputy Lopez-Romero replied, "[h]ey $40 bj with condom . . . sex $80 everything else extra." Martinez replied, "where you at babe?" Deputy Lopez Romero texted, "Monterey Park, but I'm busy today . . . I'm available again in the morning."

On June 19, 2018, Deputy Lopez-Romero texted Martinez and asked, "what kind of date did you want again?" Martinez replied, "full[,]" meaning he wanted oral copulation and sexual intercourse." Deputy Lopez-Romero texted, "mkayy [sic] so bj & sex $120 with condom." Martinez replied, "ok." Martinez asked Deputy Lopez-Romero where she was located. Deputy Lopez-Romero texted, "by Cal State LA . . . when ur [sic] . . . nearby, I will send you an address." Martinez replied, "ok." Deputy Lopez-Romero texted, "only thing is u [sic] need to get the room because I'm 16. It's like $40 for an hour . . ." Martinez replied, "ok." Deputy Lopez-Romero texted, "what time do u [sic] want to meet? Soon???" Martinez replied, "Can I see a pic [sic] of you?" Deputy Lopez-Romero sent Martinez a photograph of a young female chosen from stock photographs found online. Martinez texted, "are you affiliated, related or working with any law enforcement agency?" Deputy Lopez-Romero replied, "No, I'm not . . . I'm just trying to make some easy moneyyy [sic]." Martinez replied, "give me 45 minutes . . . " Deputy Lopez-Romero responded, "how about 12 then?" Martinez replied, "OK." About 30 minutes later, Deputy Lopez-Romero texted, "I'm almost ready . . . are u [sic] almost coming." Martinez replied, "yes I am."

Deputy Lopez-Romero told Martinez to meet her at a Burger King located at 1540 North Eastern Avenue. Between

4

12:30 and 1:00 p.m., Deputy Lopez-Romero was parked in an unmarked police car at the Burger King when Martinez drove up in a gray car. Detective Cevin Preston was in a separate unmarked car. Martinez got out of his car, looked through a fence toward Burger King for 30 to 45 seconds, got back in his car, and drove away. Moments later, Detective Preston initiated a traffic stop and arrested Martinez.

## DISCUSSION

### I.    Substantial evidence supports Martinez's conviction

Martinez first argues the record contains insufficient evidence to sustain his conviction, and that his conviction therefore violated his constitutional right to due process. We reject this contention.

In reviewing a judgment for sufficiency of the evidence, a court must review the record in the light most favorable to the judgment to determine if there is substantial evidence from which any rational trier of fact could find each element of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319 [99 S.Ct. 2781, 61 L.Ed.2d 560]; *People v. Staten* (2000) 24 Cal.4th 434, 460.) Substantial evidence is evidence that is "reasonable in nature, credible, and of solid value. [Citations.]" (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) Substantial evidence includes circumstantial evidence and reasonable inferences based on that evidence. (*In re James D.* (1981) 116 Cal.App.3d 810, 813-814.) In reviewing a sufficiency claim, we "presume in support of the judgment the existence of

every fact that the trier of fact could reasonably deduce from the evidence. [Citation.]" (*People v. Medina* (2009) 46 Cal.4th 913, 919.) "Because we must draw all inferences in support of the judgment, a defendant bears an 'enormous burden' when challenging the sufficiency of the evidence. [Citation.]" (*People v. Vasco* (2005) 131 Cal.App.4th 137, 161.)

Section 288.4, subdivision (a)(1) provides: "Every person who, motivated by an unnatural or abnormal sexual interest in children, arranges a meeting with a minor or a person he or she believes to be a minor for the purpose of exposing his or her genitals or pubic or rectal area, having the child expose his or her genitals or pubic or rectal area, or engaging in lewd or lascivious behavior, shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment." Subdivision (b) of that section provides: "Every person described in paragraph (1) of subdivision (a) who goes to the arranged meeting place at or about the arranged time, shall be punished by imprisonment in the state prison for two, three, or four years."

A violation of section 288.4, subdivision (b) requires: "1. The defendant arranged a meeting with a person he believed to be a minor; [¶] 2. When the defendant did so, he was motivated by an unnatural or abnormal sexual interest in children; [¶] 3. At that meeting, the defendant intended to expose his genitals or pubic or rectal area or have the minor expose her genitals or pubic or rectal area or engage in lewd or lascivious behavior; AND [¶] 4. the defendant went to the arranged meeting place at or about the arranged time." (CALCRIM No. 1126.) "An attempt to commit a crime consists of two elements: a specific intent to commit the

6

crime, and a direct but ineffectual act done toward its commission." (§ 21a.)

Martinez appears to argue his conviction is not supported by substantial evidence because "Katie" was a fictitious person created by Deputy Lopez-Romero. The plain language of the statute under which Martinez was convicted belies his claim. Subdivision (a)(1) of section 288.4 states that the statute applies to any person who "arranges a meeting with a minor *or a person he or she believes to be a minor*[.]" (Italics added.) Deputy Lopez-Romero stated in her texts to Martinez that she was only 16 years old. The record thus clearly shows Martinez arranged a meeting with a person (i.e., Deputy Lopez-Romero) he believed to be a minor.

Martinez next argues there is insufficient evidence to sustain his conviction because the record shows his *intent* was "at best ambivalent." He also claims his *acts* "were merely preparatory and not sufficient to constitute an actual attempt to meet this so-called minor for a lewd purpose" because he drove off after looking through the fence. In other words, Martinez argues there is insufficient evidence he harbored the requisite intent or committed the acts necessary to complete the crime of which he was convicted. We disagree. His text messages with Deputy Lopez-Romero, followed by his act of showing up at the agreed-to address, constitute substantial evidence from which the jury could reasonably conclude he intended to commit, and indeed committed, the crime of attempting to meet a minor for lewd purposes. The jury could have reasonably concluded Martinez drove off after looking through the fence because he did not see "Katie" inside the Burger King and sensed the police may have been involved in what transpired. The jury also could have

7

reasonably concluded the crime had already been completed by the time Martinez decided to drive away.

In sum, the jury verdict is supported by substantial evidence.

## II.    The case is remanded for a hearing on Martinez's ability to pay attorneys' fees

Martinez next argues the attorneys' fees must be stricken because the court imposed them without holding an ability to pay hearing. The Attorney General agrees the trial court erred in this regard, but argues the proper remedy is a remand for an ability to pay hearing. We agree with the Attorney General.

### A. Relevant proceedings

At the sentencing hearing, the court asked Martinez if he was contributing to the support of any parents or siblings. Martinez informed the court he was supporting his parents who lived outside the country. In response, the court stated: "All fines and fees, except those mandatory and the sex offender fine, are permanently stayed because defendant is contributing to support of parents and to impose them would be an extraordinary financial hardship." In regards to attorneys' fees, the court stated: "Attorney[s'] fees in the amount determined by the financial evaluator for the outstanding job done by [the public defender]." Counsel asked the court to waive the attorneys' fees. The court stated it believed it lacked discretion to waive the fees, and even if it had the discretion, it would not do so because trial counsel had done an "outstanding job." The court further

8

explained: "[T]he job that you did on his behalf for free is worthy of compensation. I'm not going to vacate the attorney costs; he's lucky to have you."

## B. Applicable law

"Section 987.8 establishes the statutory procedure for determining a criminal defendant's ability to reimburse a county for the services of court-appointed counsel." (*People v. Smith* (2000) 81 Cal.App.4th 630, 637 (*Smith*).) Under section 987.8, a trial court "may order a defendant who has the ability to pay to reimburse the county for all or a portion of the costs of his legal representation." (*Id.* at p. 637.) "'Proceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing. [Citations.]'" (*Ibid.*)[3]

---

3    Subdivision (b) of section 987.8 provides in full: "If a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided."

9

## C. Analysis

We first address forfeiture. Martinez's attorney asked the court to waive the attorneys' fees, but did not object to the court's reasons for denying the request. Despite trial counsel's failure to object, forfeiture is inapplicable because there is insufficient evidence to support a finding that Martinez had the ability to pay attorneys' fees. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397, disapproved on other grounds in *People v. Trujillo* (2015) 60 Cal.4th 850, 858, *People v. McCullough* (2013) 56 Cal.4th 589.)

Turning to the merits of the issue, the trial court here incorrectly believed it lacked the discretion to waive the attorneys' fees. The court also decided attorneys' fees were proper for a reason that was irrelevant to Martinez's ability to pay them – the quality of advocacy provided by his public defender. The court did not hold an ability to pay hearing before mandating that attorneys' fees be imposed. The case is therefore remanded for a noticed hearing on Martinez's ability to pay attorneys' fees. (See § 987.8, subd. (b); see also *People v. Patterson* (2017) 2 Cal.5th 885, 894 [a trial court abuses its discretion when its decision rests on an error of law].) At the hearing, Martinez shall be entitled to the rights to: (1) be heard in person; (2) present witnesses and other documentary evidence; (3) confront and cross-examine adverse witnesses; and (4) have the evidence against him be disclosed to him. (§ 987.8, subd. (e)(1)(A)-(D).)

We reject Martinez's contention that the attorneys' fees should be stricken because remand would be an idle act. As Martinez himself points out, the trial court never held a hearing on his ability to pay the attorneys' fees. It is therefore unclear

what the trial court might conclude with respect to Martinez's ability to pay them.

## DISPOSITION

The case is remanded for a hearing to determine Martinez's ability to pay attorneys' fees. In all other respects, the judgment is affirmed.[4]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.

---

4    Although the trial court did send the matter to the financial evaluator, it did so after concluding Martinez was *required* to pay. The record does not indicate whether the court eventually received a report from the financial evaluator, nor the amount of attorneys' fees the trial court ultimately imposed, if any. On remand, the trial court may obtain an evaluation from the financial evaluator in connection with the ability to pay hearing.