Filed 8/4/14  Conservatorship of Gums CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of THELMA GUMS. | |
| RANDY MORRIS, Alameda County Public Guardian, | A139376 |
|     Petitioner and Respondent. | |
| v. | (Alameda County Super. Ct. No. HP10508186) |
| KAREN GUMS, | |
|     Objector and Appellant; | |
| DEBORAH GUMS et al., | |
|     Real Parties in Interest. | |

Karen Gums appeals from an order removing her as conservator of the person of her mother, Thelma.  She argues the trial court erred when it consolidated matters pertaining to her mother and subsequently suspended and removed her as conservator without substantial evidence.  We affirm.

**BACKGROUND**

Thelma and Louis Gums have owned an Oakland home jointly since 1957 and have resided there for over 50 years, raising three daughters: Karen, Denise, and Deborah

1

Gums. In 2009, Thelma[1] suffered various health problems, and her doctors determined she was unable to provide for her own food, shelter, clothing, and medical needs. As a result, Thelma moved from her Oakland home in January of that year to the Joy of Living Residential Healthcare Facility.

In April 2010, due to her condition, Thelma's husband Louis and daughter Karen petitioned the Superior Court to become co-conservators of her person. In October 2010, the Alameda County Superior Court appointed Karen and Louis as such co-conservators.

In early 2011, Louis resigned as co-conservator due to his own debilitating health and nominated Karen to be Thelma's sole conservator. At the time, Thelma and Louis resided in separate residential care facilities while Karen lived at her parents' Oakland home. Consequently, the Alameda County Superior Court appointed Karen sole conservator of her mother's person in March 2011.

Two months after she became sole conservator, Karen signed a gift deed on behalf of both parents that transferred her parents' right, title, and interest in the family home to herself. In November 2011, Karen executed a duplicate gift deed as "attorney-in-fact" on behalf of each parent. Each of the deeds contained an error in the address of the real property, so Karen executed a third gift deed the following month, again signing as "attorney-in-fact" for each parent. Karen recorded no power of attorney with the deed, but claimed that she acted according to her mother's wishes. Thelma later refuted this claim, and stated she never would have gifted her residential property to one daughter to the exclusion of her two others.

Denise and Deborah Gums petitioned the probate court after discovering Karen had transferred the family residence solely to herself. The sisters alleged that Karen violated her fiduciary duties, and requested an order that Karen prove she had a power of attorney authorizing the execution of the gift deeds on behalf of Thelma and Louis Gums.

Prior to the requested hearing, the court on its own motion put Karen's status as conservator on calendar to be considered along with the power of attorney matter. At the

---

[1]For clarity, we will refer to the parties by their first names. We intend no disrespect.

2

hearing, the court suspended Karen as conservator and temporarily appointed the Public Guardian in her place. Later, the court appointed the Public Guardian as permanent conservator of the estate, and extended its temporary appointment as to Thelma's person. The court also authorized the Public Guardian to investigate the financial issues raised in Deborah and Denise's petition.

The Public Guardian's investigation revealed that Karen did not have a power of attorney to act on her mother's behalf. In fact, Karen admitted that she had no authorization nor power of attorney to execute the deed on behalf of her mother. The court consolidated the sisters' petition challenging the power of attorney with the trial on removal of Karen as conservator of the person because the issues were intertwined.

Karen argued that her Due Process rights were violated because there was no evidence to justify a suspension of her role as conservator of Thelma's person. In addition, Karen argued that it was improper to consolidate the petition challenging the powers of attorney with the conservatorship proceeding. Finally, she argued that the suspension of her conservatorship of Thelma was excessive and beyond the court's jurisdiction.

Karen moved the court to reinstate her as conservator. She also requested the Court remove the Public Guardian as conservator of the estate and temporary conservator of Thelma's person. Karen sought costs of suit, including attorney's fees, and requested that the court deny any request that the gift deed be invalidated.

The trial court disagreed. It determined that notice was given as required by law and ruled that Karen lacked authority to execute each of the three gift deeds on behalf of Thelma Gums. Finally, the court ruled that Louis Gums, and Karen as agent on Louis' behalf, lacked authority to gift deed any interest in the family residence because Thelma did not join in executing the conveyance as required under Family Code Section 1102.

The court ordered that all three gift deeds executed by Karen as agent and as attorney-in-fact were null and void. Karen filed a timely appeal from the court's order claiming, among other things, that the trial court abused its discretion in consolidating matters before the court and in removing her as conservator without substantial evidence.

3

## DISCUSSION

### I. Standard of Review

We review the decision to consolidate the petition challenging the powers of attorney with the conservatorship proceedings for abuse of discretion. (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978–979.) Trial courts have broad discretionary power that is abused only when, in its exercise, the trial court " 'exceeds the bounds of reason, all of the circumstances before it being considered.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) The abuse of discretion standard is not met simply by arguing a different ruling would have been better. Instead, under the "abuse of discretion" standard of review, appellate courts will disturb discretionary trial court rulings only upon a showing of "a clear case of abuse" and "a miscarriage of justice." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331; *Denham v. Superior Court, supra*, 2 Cal.3d at p. 566.)

Karen's removal as conservator will be upheld as long as it is supported by sufficient evidence. When an appeal challenges sufficiency of the evidence, appellate courts are guided and restricted by the substantial evidence rule: the trial court's resolution of disputed factual issues must be affirmed so long as there is sufficient evidence to support the appealed judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632; *Wilson v. County of Orange* (2009) 169 Cal.App.4th 1185, 1188.) "The substantial evidence standard of review is generally considered the most difficult standard of review to meet, as it should be, because it is not the function of the reviewing court to determine the facts." (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589.)

### II. Consolidation of Proceedings

Code of Civil Procedure section 1048, subdivision (a) provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay." Here, the trial court's decision to consolidate

4

the proceedings pertaining to Thelma Gums did not exceed the bounds of reason. Instead, consolidation was due to the common questions of law and fact involved in Deborah and Denise's petition challenging the powers of attorney and the issue of Karen's fitness to act as conservator.

Karen utilized her status as conservator of Thelma's person to control Thelma's property without court approval and to transfer Thelma's home to herself. Two months after her appointment as sole conservator, Karen signed a gift deed as attorney-in-fact on behalf of her mother and her father. Although Karen initially claimed she was authorized to sign the gift deed, she admitted that she had no authorization to do so on behalf of her mother. This self-dealing arising out of Karen's actions as her parents' purported attorney-in-fact also served as a factor supporting Karen's removal as conservator.

The trial court reasoned that the proper vehicle for restoring the deeded property from Karen to the conservatorship would be to consolidate the conservatorship matter and the petition challenging the power of attorney into one proceeding. In doing so, the trial court did not abuse its discretion. Rather, the consolidation promoted judicial economy because both matters dealt with intertwined issues.

Furthermore, it is the appellant's burden to establish an abuse of discretion. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 331; *Denham v. Superior Court, supra*, 2 Cal.3d at p. 566; *Conservatorship of Rand* (1996) 49 Cal.App.4th 835, 841; *In re Marriage of Heiner* (2006) 136 Cal.App.4th 1514, 1520.) In this case, although Karen argues that the trial court's consolidation was improper and resulted in prejudice, she cites no facts demonstrating how the consolidation was unfair or confused the issues. Consolidation was proper to promote efficiency and judicial economy, and to avoid unnecessary cost and delay.

## III. Karen's Removal as Conservator

Karen also argues that the consolidation of the proceedings deprived her of proper notice that her status as conservator was in issue. Without reference to authority, Karen argues that her suspension as conservator of her mother's person at the hearing convened

to address the powers of attorney deprived her of due process. There was no due process violation.

Probate Code section 2654 empowers the court, on its own motion, to suspend a conservator pending notice and a hearing whenever the conservatee or estate may suffer injury in the time required for a noticed hearing. (Prob. Code, § 2654, subd. (a).) The record reflects that was precisely the trial court's concern in this case. Karen's status as conservator was suspended due to the serious allegations of wrongdoing raised by her sisters' petition to terminate the powers of attorney. Thereafter the court appointed the Alameda Public Guardian the temporary conservator of Thelma's person and estate, and following further hearings a non-jury trial was held on all issues. Karen received the process she was due.

Karen further claims there was no substantial evidence to justify her removal as conservator of her mother's person. "When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination . . . ." (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874 (Italics omitted.); see *Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053.) Our review of the record convinces us there was substantial evidence justifying her suspension and removal.

The principles and policies supporting conservatorship law are, among others, to protect the rights of persons placed under conservatorship, to provide for the proper management and protection of conservatee's real and personal property, and to provide a periodic review of the conservatorship by the court investigator to consider the best interest of the conservatee. (Prob. Code, § 1800, subds. (a), (e) & (g).) A conservator may be removed when he or she has such an interest adverse to the faithful performance of duties that there is an unreasonable risk that the conservator will fail faithfully to perform. (Prob. Code, § 2650, subd. (f).; See *In re Leach's Guardianship* (1947) 30 Cal.2d 297, 305, 309–310 [Guardian acquired interest adverse to his wards by planning a

transaction that would benefit him at their expense]; See also, Prob. Code, § 2650, subd. (i).) In this case, Karen tried to transfer her parent's family home to herself, a transaction that would have enriched her and diminished Thelma's estate. The evidence that Karen gifted to herself property belonging to Thelma provided the court with substantial evidence to remove Karen as conservator to prevent further self-dealing and violations of her duties as conservator.

Sufficient evidence supported Karen's removal. It was entirely reasonable and within the court's discretion under Probate Code section 2654 to suspend and remove Karen in order to protect Thelma and her property from loss.

Moreoever, Karen admitted in her declaration opposing the appointment of the public guardian as conservator that she "had no authorization to execute the Deed on behalf of her Mother." For this reason, Karen's other arguments, that the county did not share its confidential report with her, and that the court unduly relied upon that report in making its findings present no possibility of prejudicial error. Even if those procedural irregularities were true, which has not been substantiated in the record before us, Karen admitted the unauthorized transfer of her mother's home to herself. Nothing more was required for the court to determine she was an unsuitable conservator.

## IV. The Trial Court's Invalidation of the Gift Deed was Mandated by Law

There is no dispute that when Karen tried to transfer the family house to herself, she did not have a valid power of attorney or any kind of agency authority from her mother, the conservatee. It is clear as well that Thelma never would have gifted her home to one daughter to the exclusion of her other two.

Family Code section 1102, subdivision (a) is clear that "both spouses, either personally or by a duly authorized agent, must join in executing any instrument by which . . . community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered." The directive of Family Code section 1102, along with Karen's admission that Thelma did not join in executing the gift deed, permitted the court to invalidate the gift deeds without considering additional witnesses. The deeds were invalid as a matter of law because Louis Gums, and Karen

7

Gums as agent on Louis' behalf, lacked authority to gift any interest in the community real property, because Thelma did not join in the conveyance as required by Family Code section 1102.

Furthermore, Karen's argument that she acted in good faith to insulate the family home from the effect of Medi-Cal liens is immaterial. It provides no independent justification for Karen's self-dealing and affords no exception to Family Code section 1102. Karen has provided no authority otherwise.

We agree with the Public Guardian. The trial court correctly determined that Karen Gums lacked the authority to execute the gift deeds pertaining to the family's Oakland residence on behalf of Thelma Gums. Additionally, the trial court correctly determined that Louis Gums, and Karen Gums as agent on Louis Gums' behalf, lacked authority to gift deed any interest in the community real property because Thelma Gums did not join in the conveyance as required by Family Code section 1102.

## DISPOSITION

The orders declaring the three gift deeds null and void and removing Karen as Thelma's conservator are affirmed. Respondents shall recover costs on appeal.

8

 

 

 

                                                        _____
                                                        Siggins, J.


We concur:


_____
McGuiness, P.J.


_____
Pollak, J.


 

 

*Conservatorship of Gums*, A139376