Filed 1/15/15  Marriage of White CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of CHRISTINE L. and KING WILLIAM WHITE. | |
| CHRISTINE L. WHITE, | E059861 |
| Appellant, | (Super.Ct.No. SWD1201180) |
| v. | OPINION |
| KING WILLIAM WHITE, | |
| Respondent. | |

APPEAL from the Superior Court of Riverside County.  Bradley O. Snell Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Christine L. White, in pro. per., for Appellant.

No appearance for Respondent.

I

INTRODUCTION

Appellant Christine L. White, who is representing herself, appeals from a marital

1

dissolution order filed on October 15, 2013, terminating Christine and King William White's marital status only.[1] She asserts the judgment erroneously ordered marital status terminated on November 30, 2012. In addition, Christine argues the trial court failed to take into account evidence of King's acts of perjury and fraud, his failure to provide the court with required information and documents, and his failure to appear at mandatory court hearings. King has not filed a brief or appeared in this appeal.

For the reasons set forth below, we affirm the October 15, 2013 judgment terminating marital status only.

II

FACTS AND PROCEDURAL BACKGROUND

In May 2012, King filed a petition for dissolution of marriage. His petition states he was married to Christine in 1984, and separated on May 5, 2012. Christine and King were married over 27 years at the time of separation and have one child, born in August 1995. King attached to the dissolution petition a schedule of assets and debts (form FL-142), which stated King did not have any assets or debts. According to the proof of service filed with the court, King personally served Christine with the dissolution petition on May 29, 2012.

In June 2012, King filed a request to enter default on the dissolution petition. King also filed a declaration for default. On July 10, 2012, the trial court entered a default judgment, filed on July 12, 2012, stating the court acquired jurisdiction on May

---

[1] We use the parties' first names to avoid confusion, not out of disrespect.

29, 2012, and ordered dissolution of marriage. The court ordered marital status would end on November 30, 2012 (six months after Christine was served with the dissolution petition). The default proceeding was heard by declaration under Family Code section 2336.[2] Jurisdiction was reserved for determination of child and spousal support. The judgment states there were no property issues before the court. The court terminated jurisdiction over property issues.

In October 2012, Christine filed a request for an order to set aside default (motion) and a response to the dissolution petition. She attached an income and expense declaration (form FL-150). Christine stated in her motion that she had debts totaling "$143,356.00[,] without student loans[,] $5,356.00." Christine attached a supporting declaration stating she was not provided with any information regarding the date, time, or department of the hearing resulting in dissolution of her marriage. She also was not given an opportunity to respond to the dissolution petition. In addition, King failed to provide a statement of his income and expenses (form FL-150). Christine stated that she and King had acquired debt, some of which was in King's name alone. Christine acknowledged they were both responsible for the debt. She noted King is disabled but can work part-time and receives disability benefits. He is a licensed minister and can also earn income drawing and painting.

Christine further stated in her supporting declaration that she and King stopped engaging in marital relations and responsibilities in April 2012, when King moved out of

---

[2] Unless otherwise noted, all statutory references are to the Family Code.

their bedroom, to another part of the house.  They attended marriage counseling in an attempt to save their marriage.  Christine believed that, with counseling and forgiveness, they could overcome their differences and restore their marriage.  Christine requested the default set aside on the grounds she was not provided with notice of the hearing or the hearing documents, she did not sign any documents in court regarding this matter, and King did not provide a statement of his income and expenses.  Christine added that both she and King had insurmountable debts and student loans, accumulated during their 28-year marriage.

In November 2012, Christine filed another request for an order setting aside default.  Christine stated in her attached declaration that she was requesting the court to set aside default on the grounds King failed to inform the court of their credit card debt; her "check" was being garnished, making it difficult to pay rent and bills; they owed the Department of Public Social Services (DPSS) and Riverside Housing Authority money for back-rent; the dissolution would affect health coverage, which Christine needed for anticipated medical treatment; and King had filed a fraudulent proof of service of the dissolution petition, since not all of the dissolution papers were served on her.  Christine acknowledged she was served but stated, "[n]ot all papers p[er]taining to the divorce were served [on] me.  I received the form to write my income."  The trial court set the matter for a noticed hearing on January 23, 2013.

The trial court consolidated Christine's two requests to set aside default, with both to be heard on January 23, 2013.  At the hearing on January 23, 2013, the trial court granted Christine's requests to set aside the default and judgment, but with marital status

4

to remain terminated and all conditions previously ordered not in conflict to remain in full force and effect. Christine was permitted to file an answer to King's dissolution petition within 30 days.

In March 2013, Christine filed a response and request for dissolution of marriage. She stated in her response that she and King no longer had any minor children. Christine attached a schedule of assets and debts (FL-142), a preliminary declaration of disclosure (FL-140), an income and expense declaration (FL-150), and statements of all material facts and information regarding valuation of community property assets and obligations.

In April 2013, Christine filed a motion to strike the dissolution petition, restrain King from disposing of property, and preclude King from using a 2001 Oldsmobile. Christine also requested to be permitted to proceed by default judgment and be named petitioner, because King did not inform the court of their credit card and loan debt or his use of the Oldsmobile. He also did not appear at the previous hearing, and refused to sign the judgment documents dividing their property equally.

In June 2013, the trial court heard Christine's motion to strike King's dissolution petition. King was not present at the hearing. The court found King had not participated in the case. The court struck King's petition for dissolution and ordered Christine's response deemed the petition for dissolution, replacing King's petition, with Christine named the petitioner. The court informed Christine she could proceed by way of default. The court further ordered that all conditions previously ordered, that were not in conflict, would remain in full force and effect.

5

On October 8, 2013, the trial court conducted a prove-up hearing regarding marital status and signed a judgment of dissolution status only. On October 15, 2013, the court filed the judgment of dissolution status, stating the court acquired jurisdiction on May 29, 2012, the matter was contested at a hearing on January 23, 2013, and judgment of dissolution was entered with marital status ordered terminated as of November 30, 2012. The court also set the matter for a mandatory settlement conference in December 2013 and ordered King to file an income and expense declaration by December 2, 2013.

Christine filed a notice of appeal of the October 8, 2013 order, which this court deemed a notice of appeal of the October 15, 2013 judgment, which was entered on October 8, 2013, but filed on October 15, 2013.

III

NOTICE OF HEARING

Christine contends she did not receive notice of the hearing on King's dissolution petition. Therefore the order entering default against her and terminating her marriage must be set aside. This objection lacks merit. Although the default judgment on July 12, 2012, states the matter was "heard," the judgment further states the hearing was a nonappearance hearing by declaration. There was no noticed hearing on the dissolution petition because Christine was in default for not filing a timely response to the dissolution petition. The trial court therefore decided the matter under section 2336 during a nonappearance hearing, based on King's default declaration.

Furthermore, Christine eventually appeared in the proceedings, succeeded in persuading the trial court to vacate the default judgment, and requested in her answer to

6

King's dissolution petition that the court terminate marital status and name her the petitioner. The court granted Christine's requests and the dissolution proceedings continued, with the trial court conducting a prove-up hearing on marital status on October 8, 2013, which Christine and her daughter attended. After conducting the hearing, the court signed a judgment terminating marital status only. Christine has not established reversible error based on a lack of notice.

IV

EFFECTIVE DATE OF MARRITAL DISSOLUTION

Christine contends the trial court erred in ordering in the July 12, 2012 and October 15, 2013 judgments that the effective date of marital dissolution was November 30, 2012. We disagree.

Christine correctly notes that there is a six-month marital dissolution waiting period. Section 2339, subdivision (a) provides: "Subject to subdivision (b) and to Sections 2340 to 2344,[3] inclusive, no judgment of dissolution is final for the purpose of terminating the marriage relationship of the parties until six months have expired from the date of service of a copy of summons and petition or the date of appearance of the respondent, whichever occurs first. [¶] (b) The court may extend the six-month period described in subdivision (a) for good cause shown." Section 2340 provides: "A judgment of dissolution of marriage shall specify the date on which the judgment becomes finally effective for the purpose of terminating the marriage relationship of the

_____

[3] Section 2344 is inapplicable. It pertains to death of either party after entry of the judgment.

7

parties."

In the instant case, King personally served Christine with the dissolution petition on May 29, 2012. Because Christine did not file a timely response to the petition, the trial court granted in July 2012, King's request for entry of default and appropriately ordered marital dissolution "finally effective for the purpose of terminating the marriage relationship of the parties" on November 30, 2012. (§ 2340.) The effective date is at least six months after King's service of the dissolution petition on May 29, 2012, and therefore is in accordance with section 2339.

Although the trial court later set aside the July 12, 2012 default judgment, the trial court ordered that Christine and King's marital status was to remain terminated and all conditions previously ordered not in conflict to remain in full force and effect. Therefore the trial court order terminating marital status remained in full force and effect. The order was ultimately incorporated in the marital status judgment on October 15, 2013.

Christine argues that when the court entered the July 12, 2012 judgment, the order terminating marital status was premature under sections 2339 and 2340 because the six-month delay period had not run. Sections 2339 and 2340 do not preclude the trial court from entering an order before the six-month period has run. These sections only require the court order to state the effective date of the marital dissolution order, and that effective date must be in accordance with the six-month limitation. Here, the November 30, 2012 effective date is in accord with the section 2339 six-month waiting period and was not premature at the time of entry of the marital status judgment on October 15, 2013.

8

# V

# KING'S FAILURE TO PROVIDE REQUIRED

# INFORMATION AND DOCUMENTS

Christine argues the marital dissolution judgment must be vacated because King failed to disclose required information and did not properly fill out and file a proper dissolution petition, schedule of assets and debts, income and expense declaration, settlement document, and judgment paperwork. Christine asserts that the dissolution proceedings therefore should have been dismissed. But Christine has not established she was kept in ignorance due to any conduct on the part of King, such that she was prevented from meaningfully participating in the proceedings resulting in termination of marital status. (§ 2122, subd. (a).) The record demonstrates the trial court was aware of all of the facts, including King's nondisclosure and misstatement of facts, when ruling on Christine's motion to set aside default and during subsequent proceedings. Although Christine objects to the court terminating her marital status, she has not met her burden of proving any error requiring reversal of the order.

This court is required to "presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.) "A fundamental rule of appellate review is that '"[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown."' [Citations.]"

9

(*Conservatorship of Rand* (1996) 49 Cal.App.4th 835, 841.) To overcome this presumption, Christine must provide an adequate record that demonstrates error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Here, the record does not support Christine's contentions challenging the judgment terminating marital status.

Christine argues she informed the trial court that King failed to disclose material information and provided false information but the trial court disregarded her contentions. Christine relies in part on statements made during hearings and facts, without citing to the record as required by California Rules of Court, rule 8.204(a)(1)(C)), and no evidence in the record supports such facts or statements. This court cannot consider such facts and statements, which are not supported by the record on appeal. An appellant is required to provide *proper* citations to the record, by citing to "either the clerk's or reporter's transcript." (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1258, fn. 12 [noting brief did not comply with Cal. Rules of Court, rule 8.204(a)(1)(C) in that it failed to contain "proper citations to the appellate record"].) In deciding Christine's appeal, this court is limited to determining whether Christine's contentions are supported by the clerk's transcript alone, since there is no reporter's transcript.

Christine contends the trial court failed to conduct a hearing concerning child support and custody issues. She also complains King did not provide an income and expense declaration, and failed to disclose that, up until August 31, 2012, he received $445 in monthly social security income for Christine and King's daughter, who turned 18 in August 2012. Christine asserts she should have received the social security income, because their daughter was living with Christine, and King should have also paid for a

10

portion of their daughter's expenses. But the July 12, 2012 default judgment was vacated and the October 15, 2013 judgment was limited to termination of marital status, with jurisdiction reserved as to child custody/visitation, child and spousal support, and property division issues.[4] Furthermore, the child related issues were moot since Christine and King's daughter was no longer a minor at the time of the October 15, 2013 judgment.

Even though King did not disclose material facts in his dissolution petition and made misrepresentations as to his income, assets and debts, the trial court properly addressed such wrongdoing by setting aside the July 12, 2012 default judgment. As to the October 15, 2013 judgment terminating marital status, King's misrepresentations, concealment of facts, and failure to file an income and expense declaration were not relevant to the termination of marital status.

The filing of an income and expense declaration is required in a marital dissolution proceeding when it is "appropriate" and "relevant." The failure to file final income and expense statements and other disclosure documents required by family law provisions cannot lead to reversal unless the appellant establishes prejudice. (*In re Marriage of Steiner & Hosseini* (2004) 117 Cal.App.4th 519, 524, 527-528; *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 403 [recognizing that filing an income and expense declaration is "not a jurisdictional requirement" and that "although a rule of court phrased in mandatory language is generally binding on the courts, departure from the rule is not

_____

**4** Christine states in her appellant's opening brief that the court set a settlement/trial date of May 6, 2014, presumably at which time the remaining issues would be decided.

11

reversible error unless prejudice is shown"].)  Here, the income and expense declaration was not relevant to termination of marital status.  Therefore, King's failure to file an income and expense declaration does not constitute prejudicial error.

Likewise, Christine's contention that she was deprived of her right to due process on the issue of termination of marital status lacks merit.  Procedural due process requires that a party have notice and an opportunity to be heard.  (*Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1329 ["the United States Supreme Court [has] held that due process require[s] timely and adequate notice and an effective opportunity to be heard"].)  Here, Christine has not cited any evidence in the record establishing that she was deprived of a meaningful opportunity to contest termination of marital status.  The record shows she received notice and a fair hearing before the court entered the October 15, 2013 judgment terminating marital status.

Christine argues King's proof of service of his dissolution petition was fraudulent and she raised this objection in the trial court.  There is no evidence in the record proving this allegation.  Therefore this court must presume the trial court found otherwise based on the evidence before it.  Furthermore, any deficiency in the proof of service is moot because Christine appeared in the proceedings, the court struck King's dissolution petition, and, at Christine's request, the court deemed Christine the petitioner and her response, the petition.  Christine argues the trial court erroneously "excluded" her petition for dissolution.  The record does not show any evidence of this, assuming Christine is arguing the trial court did not properly consider her dissolution petition or dismissed it.

Christine has not carried her burden on appeal.  She has not demonstrated that she is entitled to relief on the grounds of fraud or perjury.  Christine also has not demonstrated that, after the trial court vacated the July 12, 2012 default judgment, she was prevented from fully participating in the proceedings resulting in termination of marital status.  There is therefore no legal basis for setting aside the October 15, 2013 judgment terminating marital status.

## VI

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

HOLLENHORST

J.