Filed 3/11/22  Forrest B. v. Deborah B. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| FORREST B.,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DEBORAH B.,<br><br>　　　Defendant and Appellant. | A161531<br><br>(Contra Costa County<br>Super. Ct. No. MSN20-1008) |

Forrest B., age 82, petitioned for a restraining order under the Elder Abuse and Dependent Adult Civil Protection Act (Elder Abuse Act; Welf. & Inst. Code, § 15600 et seq.) alleging that his daughter, Deborah B., was abusive towards him.  The trial court issued a three-year restraining order directing Deborah to stay at least 100 yards away from Forrest and move out of his residence.  Deborah appealed the restraining order, arguing that the trial court abused its discretion.  For the reasons set forth, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2020, Forrest B. filed a petition for an elder abuse restraining order against his daughter, Deborah B., who had moved into his residence six months earlier with his ex-wife.

Forrest's petition alleged that on the morning of July 2, 2020, Forrest walked into the kitchen to receive the breakfast Deborah had made for them.  Forrest scooped some potatoes into his coffee cup and was heading back to his

bedroom when he heard Deborah's angry voice behind him yelling that he took too much food and to give it back. Deborah caught up with Forrest as he made his way to his room with the cup of potatoes. As Forrest entered his room, Deborah used her left hand to pull on the cup and her right hand with her fingers on Forrest's forehead to pull him backward, causing him to fall onto his back. Forrest's son, Kevin, then came into the room to check on his father while Deborah took a video of Forrest on the floor. Forrest suffered pain and a sprain from the fall.

Forrest also claimed in his petition that Deborah yelled at him almost daily and called him an "asshole" and a " 'real motherfucker.' " When angry, Deborah would expose herself to Forrest. About a week before, Deborah mooned Forrest and his ex-wife. Forrest stated although Deborah moved in with him six months ago, she actually lives in El Dorado County. Attached to the petition is a blurry picture of someone lying on the floor next to a bed, presumably Forrest, and a screenshot of a text message.

On July 16, 2020, the trial court granted a temporary elder abuse restraining order and ordered Deborah to move out of Forrest's residence and stay at least 100 yards away from him.

In her response to Forrest's petition, Deborah offered a different version of the falling incident. Deborah claimed Forrest had helped himself to "3/4 of the pan of potatoes" she was preparing for herself and her mother, Forrest's ex-wife. After noticing Forrest had taken so much food, Deborah followed him, asking him to give back some of the potatoes as he made his way back to his bedroom. Upon entering the doorway of his room, Deborah claimed Forrest slipped and fell onto his back on his own accord. Deborah said Forrest was wearing loafers that were "too large for him with poor traction," and that he had a history of falling. She denied touching him at all.

2

Deborah also claimed in her response to the petition that Forrest lives in Evanston, Illinois, not Orinda, California.  She attached a copy of an identification card with Forrest's name and an Illinois address, as well as a driver's license for Deborah with her address at Forrest's home in Orinda.  The response also attached many other documents, including text messages, photographs, and e-mails.

Forrest, Deborah, and Forrest's son, Kevin, testified at the unreported hearing on October 30, 2020.  The trial court issued a three-year restraining order directing Deborah to stay at least 100 yards away from Forrest and move out of his residence.  Deborah filed a timely notice of appeal.

## II.  DISCUSSION

Deborah contends the trial court erred in issuing the restraining order against her.  She argues the trial court abused its discretion by granting a restraining order that required her and her elderly mother to move out of their home based on only one incident of abuse.  We understand this as a challenge to the sufficiency of the evidence supporting the trial court's order and conclude we must affirm the order due to the lack of an adequate record for review.

On appeal, we presume a judgment or order of a lower court is correct. " 'All intendments and presumptions are indulged to support [the order] on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Conservatorship of Rand* (1996) 49 Cal.App.4th 835, 841.)  The appellant "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and

3

the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Deborah must show error on the face of the appellate record to overcome the presumption the trial court's order is correct. Without a record of the testimony received at the hearing, we must presume the facts supported the trial court's findings. An appellant who attacks a judgment, but supplies no reporter's transcript, is precluded from asserting the evidence was insufficient. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Where no reporter's transcript is available, an appellant may submit an agreed or settled statement. (Cal. Rules of Court, rules 8.130(h), 8.134, 8.137.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Here, the trial court's minute order indicates Forrest, Kevin, and Deborah were sworn and testified at the hearing on the petition. The trial court presumably listened to their testimony and entered orders it deemed appropriate based on its findings. Because Deborah claims the court's orders were not supported by the evidence, it was her obligation to provide the entire evidentiary record on which the trial court based its ruling, including a transcript of the hearing. If the hearing was not transcribed, or if Deborah could not afford a transcript, she could have proceeded by way of a settled statement. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 933–934 [an alternative to submitting a transcript on appeal is to obtain a settled statement].)

Even if we were to overlook the inadequacy of the record, however, we would affirm. We review a protective order under the Elder Abuse Act for abuse of discretion, and the court's underlying factual findings for substantial

evidence. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137.) "We resolve all conflicts in the evidence in favor of . . . the prevailing party, and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings. [Citation.] Declarations favoring the prevailing party's contentions are deemed to establish the facts stated in the declarations, as well as all facts which may reasonably be inferred from the declarations; if there is a substantial conflict in the facts included in the competing declarations, the trial court's determination of the controverted facts will not be disturbed on appeal." (*Id.* at pp. 1137–1138.) "[W]e will only find an abuse of discretion when the trial court exceeds the bounds of reason or disregards the uncontradicted evidence. The party challenging the issuance of the order bears the burden of showing an abuse of discretion by the trial court." (*Id.* at p. 1140.)

Deborah argues that the trial court abused its discretion by basing its order on a single incident, i.e., the confrontation over cooked potatoes. But Forrest also stated in his petition that Deborah yelled at him daily and called him an "asshole" and a " 'real motherfucker.' " When angry, Deborah exposed herself to Forrest. On one occasion, she mooned Forrest and her mother. Deborah argues in a footnote that these incidents "do not appear to qualify as abuse," but she does not explain why not. Section 15610.07 defines elder abuse very broadly to include "[p]hysical abuse . . . or other treatment with resulting physical harm or pain or mental suffering." (*Id.*, subd. (a)(1).) Deborah fails to offer any explanation why her conduct failed to meet that very expansive definition. Moreover, in conducting our review for substantial evidence, we presume Forrest's verified petition supports the trial court's findings. We, therefore, reject Deborah's challenge to the sufficiency of the evidence.

Deborah also appears to argue the trial court abused its discretion by issuing a restraining order based on a disputed incident, pointing to inconsistencies in Forrest's account of the falling incident. While these points may have been appropriate argument in the trial court, arguing them on appeal suggests that Deborah misunderstands our standard of review. It is not our role to reweigh the evidence or make findings regarding credibility. Those functions are within the exclusive province of the trier of fact, the trial judge in this case. (*Hasson v. Ford Motor Co.* (1977) 19 Cal.3d 530, 544 [appellate court does not "reweigh the evidence on appeal, but rather determine[s] whether . . . there is substantial evidence to support the judgment"], overruled on other grounds in *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574; *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 525 [witness credibility is issue for trier of fact].) We therefore reject Deborah's argument that the trial court abused its discretion by failing to consider inconsistencies surrounding the incident or credit her version of events.

We also reject Deborah's apparent contention that the court abused its discretion because she and her elderly, ill mother had to move out as a result of the order and they both became "transient." First, she cites no legal authority in support of this argument and thus we need not consider it. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].) In any event, "[t]he court may issue . . . an order excluding a person from a residence or dwelling if the court finds that *physical or emotional harm would otherwise result to the petitioner*, other named family or household member of the petitioner . . . ." (Welf. & Inst. Code, § 15657.03, subd. (h), italics added; see also *id.*, subd. (b)(4)(B).) Our

task on appeal is to determine whether the trial court's order protecting Forrest was supported by substantial evidence, not to reweigh the evidence or determine whether other evidence would have supported a different judgment. (*Hasson v. Ford Motor Co.*, *supra*, 19 Cal.3d at pp. 544–545.) For reasons we have discussed above, we conclude the trial court did not abuse its discretion when issuing the move-out order against Deborah.

## III. DISPOSITION

The order granting the restraining order is affirmed. Costs on appeal are awarded to plaintiff. (Cal. Rules of Court, rule 8.278(a).)

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A161531
*Forrest B. v. Deborah B.*

8